**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 25-12306

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

TOCOREY JAMEL GIBBS,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:24-cr-00203-MMH-LLL-1

————————————

Before LUCK, LAGOA, and ABUDU, Circuit Judges.

PER CURIAM:

Tocorey Jamel Gibbs appeals his conviction and sentence for possessing a firearm as a convicted felon, under 18 U.S.C. §§ 922(g)(1) & 924(a)(8). On appeal, Gibbs argues that 18 U.S.C.

§ 922(g)(1) violates the Second Amendment and that his 32-month sentence is substantively unreasonable.  After careful review, we find both arguments without merit, so we affirm.

## I.

We generally review constitutional challenges *de novo*. *United States v. Dubois*, 139 F.4th 887, 890 (11th Cir. 2025), *cert. denied*, __ S. Ct. __, 2026 WL 135685 (2026) (mem.).  However, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."  *Id.* at 892 (quoting *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015)).  We have several prior precedents holding Section 922(g)(1) constitutional, *id.* at 889 ("[S]ection 922(g)(1) is constitutional under the Second Amendment."); *United States v. Hicks*, 166 F.4th 933, 939 (11th Cir. 2026) (similar); *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010) (similar), and none of these precedents have been overruled nor undermined to the point of abrogation, *see Dubois*, 139 F.4th at 892; *Hicks*, 166 F.4th at 938–39.  Therefore, we must again reject Gibbs's argument and hold that Section 922(g) is constitutional.

## II.

"We review the substantive reasonableness of a sentence for an abuse of discretion."  *United States v. Butler*, 39 F.4th 1349, 1354–55 (11th Cir. 2022); *see also United States v. Beaufils*, 160 F.4th 1147, 1163 (11th Cir. 2025) (explaining that the abuse of discretion "standard allows for a 'range of choice for the district court,' as long as that choice is not a 'clear error of judgment'" (quoting *Rasbury v.*

*IRS (In re Rasbury)*, 24 F.3d 159, 168 (11th Cir. 1994))). "In reviewing the [substantive] reasonableness of a sentence, we will not substitute our own judgment for that of the sentencing court and we will affirm a sentence so long as the court's decision was 'in the ballpark of permissible outcomes.'" *Butler*, 39 F.4th at 1355 (quoting *United States v. Rosales-Bruno*, 789 F.3d 1249, 1257 (11th Cir. 2015) (Opinion of E. Carnes, J.)). A party arguing a sentence is unreasonable bears "the burden of establishing the sentence is unreasonable in light of the record and the § 3553(a) factors." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).[1] "[W]e have identified three ways in which a district court can abuse its discretion" and "impos[e] a substantively unreasonable sentence: (1) failing to properly consider a relevant sentencing factor that was due significant weight, (2) giving significant weight to a factor that was not relevant, or (3) committing a clear error of judgment by weighing the sentencing factors unreasonably." *Butler*, 39 F.4th at 1356; *see also United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (same).

---

[1] Under § 3553(a), a sentencing court must impose a sentence "sufficient, but not greater than necessary," to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from future crimes of the defendant. 18 U.S.C. § 3553(a). Section 3553(a)'s "overarching" instruction to courts is that federal sentences must be sufficient, but not greater than necessary, to comply with Congress's stated purposes. *Kimbrough v. United States*, 552 U.S. 85, 101 (2007).

Here, Gibbs has not shown that his sentence is substantively unreasonable.  *See Gonzalez*, 550 F.3d at 1324 (explaining that a party arguing a sentence is unreasonable bears the burden to show error).  The district court imposed a sentence that was well below the 15-year statutory maximum sentence, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(8), and within the guideline range, indicating, under our precedent, that the sentence was reasonable, *see United States v. Dougherty*, 754 F.3d 1353, 1362 (11th Cir. 2014) ("A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence."); *Gonzalez*, 550 F.3d at 1324 ("We ordinarily expect a sentence within the Guidelines range to be reasonable . . . .").

While Gibbs argues that the district court should have put more weight on the mitigating evidence he presented at sentencing, the district court was not required to explicitly discuss that evidence for us to conclude that it considered it.  *See United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007) (explaining that a sentencing court's "failure to discuss . . . 'mitigating' evidence" does not indicate that the court "erroneously 'ignored' or failed to consider th[e] evidence in determining [the defendant's] sentence"); *Butler*, 39 F.4th at 1356 (explaining that a "court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments" is generally sufficient to show it has considered the issues and arguments before it).  Moreover, the court stated that it had read the letters Gibbs had provided, as well as the certificates of achievement for courses Gibbs had completed.  The district court then weighed those mitigating factors against the aggravating ones,

as our precedent requires.  *See Butler*, 39 F.4th at 1356.  It explained that it had "great concern" that Gibbs was found carrying a firearm after previously being sentenced to 18 years' incarceration for previous violent conduct involving a firearm.  It noted, moreover, that this was a "very serious crime" in light of Gibbs's prior criminal history.  These comments do not reflect an abuse of discretion or an unreasonable weighing of the factors, *id.*, as these facts were directly related to Congress's instruction that the sentencing court consider Gibbs's "history and characteristics" and the need for his sentence "to reflect the seriousness of the offense" and "afford adequate deterrence to criminal conduct."  18 U.S.C. § 3553(a)(1), (2).

Gibbs also suggests that his sentence creates unwarranted disparities because, based on data he submitted at sentencing, many defendants convicted of this crime receive downward variances.  Though a sentencing court is required "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), "[a] well-founded claim of [unwarranted] disparity . . . assumes that apples are being compared to apples." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quoting *United States v. Mateo-Espejo*, 426 F.3d 508, 514 (1st Cir. 2005)).  We have held that evaluating alleged sentencing disparities among similarly situated defendants requires "more than the crime of conviction and the total length of the sentences." *United States v. Azmat*, 805 F.3d 1018, 1048 (11th Cir. 2015).  "The underlying facts of the crime and all of the individual characteristics are relevant." *Id.*  In light of this caselaw, Gibbs has not established that he received a

disparately long sentence as compared to any other "similarly situated defendant." *Id.* Indeed, Gibbs does not identify any defendant with similar characteristics who received a more lenient sentence, nor even that, generally, defendants face shorter sentences for this crime than he received. *See United States v. Hill*, 643 F.3d 807, 885 (11th Cir. 2011) (explaining that a broad claim that a defendant received a disparate sentence when compared to "similar . . . crimes [committed] elsewhere in the nation" is "difficult to gauge").[2] Accordingly, we find no abuse of discretion in this respect either.

Taking all of the circumstances of the case together, Gibbs has not shown that "the court's decision was '[outside] the ballpark of permissible outcomes.'" *Butler*, 39 F.4th at 1355 (quoting *Rosales-Bruno*, 789 F.3d at 1257). Therefore, we affirm on this issue as well.

★    ★    ★

Our precedent is clear that Section 922(g)(1) is constitutional. Moreover, Gibbs has not borne his burden of showing that the district court abused its discretion and imposed a substantively unreasonable sentence. For these reasons, we affirm Gibbs's conviction and sentence.

**AFFIRMED.**

---

[2] Moreover, even accepting Gibbs's argument that over 40% of similar defendants receive a downward variance, that does not show an unwarranted disparity—that statistic would simply suggest that Gibbs, along with the majority of defendants, received a within-Guidelines sentence.